IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LION'S GATE WATER and
WILLIAM M. TURNER, its Trustee,
acting in his official capacity and
not individually,

        Plaintiff,

vs.                                                      No. CIV 04-929 MCA/LFG

GALE NORTON, Secretary of the
U.S. Department of the Interior,
acting in her official capacity and
not individually,

        Defendant.

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO STAY AND STRIKE ORDER
REQUIRING ENTRY OF APPEARANCE OF AN ATTORNEY**

THIS MATTER comes before the Court on the motion by Plaintiff Lion's Gate Water ("Lion's Gate") to Stay and Strike Order Requiring Entry of Appearance of an Attorney [Doc. 12], filed herein on November 18, 2004, and the Corrected and Amended Motion to Stay and Strike [Doc. 17], filed on November 19, 2004. These two motions are substantially the same and request the same basic relief. Plaintiff apparently intends that the Court will consider and rule on the "Corrected and Amended Motion," rather than the original motion, and it is this later motion and its accompanying memorandum to which the Court refers in this Memorandum Opinion and Order. No response to

either motion is necessary. Both motions will be denied.

## Factual and Procedural Background

The *pro se* complaint in this matter names as Plaintiff in its caption: "Lion's Gate Water, and William M. Turner, its Trustee, acting in his official capacity and not individually." William M. Turner ("Turner") signed the complaint, above a signature block identifying him as "William M. Turner, Trustee for Lion's Gate Water, *Pro Se*, Acting in My Official Capacity and Not Individually." [Complaint, Doc. 1, at 1, 14]. Turner is not an attorney licensed to practice before this Court, nor is he a licensed New Mexico attorney.

D.N.M.LR-Civ. 83.7 provides that, "A corporation or a partnership must be represented by an attorney authorized to practice before this Court." On November 8, 2004, the Court entered an Order Requiring Entry of Appearance by an Attorney Licensed to Practice Law in the United States District Court [Doc. 11]. The Court, noting that *pro se* litigants may not represent the interests of anyone other than themselves in civil proceedings, and pointing to the local rule of this district which requires that corporations and business entities appear only through licensed attorneys, ordered Plaintiff to have a duly licensed attorney enter an appearance as counsel within fifteen days. Plaintiff was warned that failure to do so could result in the Court dismissing the case without prejudice. [Doc. 11, at 2].

Plaintiff responded to this Order by filing the Motion to Stay and Strike currently under consideration. The motion is submitted by "Lion's Gate Water" but is signed by Turner, above a signature block reading, "William M. Turner, Trustee, *Pro Se*." [Doc. 17, at 4]. The motion is technically a nullity and subject to being stricken from the record, as it was filed in violation of the Court's earlier Order prohibiting Lion's Gate from proceeding in this litigation without counsel. The

Court finds, however, that judicial efficiency will be better served by a ruling on the merits of the motion.

Turner argues that Lion's Gate is a "business trust" organized under the laws of Canada, and is therefore not covered under the local rule, which by its terms applies only to corporations and partnerships. He asks that the Court strike its earlier order directing Plaintiff to secure representation by a licensed attorney, "and permit the Trustee [*i.e.*, Turner] to continue representation of himself as the business trust personified . . . ." [Doc. 17, at 4]. He contends that Lion's Gate, as a "Canadian, express, discretionary, non-exhaustive common law business trust," is the equivalent, "[i]n form and substance," of a Massachusetts business trust.

Turner claims further that because he is the "proprietor" of the trust, in that he is the owner of all legal and equitable title and "has all of the liability personally," he is therefore the "real party in interest" and may appear *pro se*. Turner does not comment, however, on his attempt to divorce himself from the trust as he sought to do in the caption, *i.e.*, "acting in his official capacity and not individually." [Complaint caption, Doc. 1]. Turner points as well to a provision of the Contract and Declaration of Trust, in which he is "vested with full authority to represent the Trust" before any court. He contends further that Lion's Gate Water "is a fictitious name which is legally synonymous with William M. Turner." [Doc. 18, at 17].

The Court finds that Lion's Gate is a business entity coming within the scope of D.N.M.LR-Civ. 83.7, and it cannot pursue litigation in this forum unless it is represented by licensed counsel. Provisions in his "Contract and Declaration of Trust" that purportedly authorize Turner to appear before any court cannot serve to trump the Court's own Rules of Procedure nor to limit the Court's inherent authority in regulating the practice of law before the Court.

3

**Discussion**

By federal statute, individuals have the right to pursue litigation *pro se* in the federal courts. 28 U.S.C. § 1654.  It is well settled, however, that a corporation is not capable of appearing *pro se* but must always be represented by legal counsel.  Flora Constr. Co. v. Fireman's Fund Ins. Co., 307 F.2d 413 (10th Cir. 1962).  This rule "has been the law for the better part of two centuries." Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02, 113 S. Ct. 716, 721 (1993).

> This rule ensures that a licensed attorney, an officer of the court, is responsible for conducting the corporation's litigation.  It protects the court and the public from unscrupulous and irresponsible behavior. In this case, for example, Patterson continually made unwarranted personal attacks on the court and opposing counsel, repeatedly misled the court as to the state of the record, and raised frivolous motions and objections.  An attorney would have been deterred from engaging in such behavior because of his obligations to the court and his fear of the sanctions that might otherwise be imposed by the court and the bar.

National Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602, 609 (11th Cir. 1984).   Other reasons advanced for the rule include the fact that corporations, as well as partnerships, are "fictional legal persons [and] obviously cannot appear for themselves personally," Turner v. American Bar Ass'n, 407 F. Supp. 451, 477 (N.D. Tex. 1975); the possibility of conflicts of interest when a lay person represents an organization or group of which he is a member, Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1309-1310 (2d Cir. 1991); and the impropriety of litigation being conducted by an individual who may have to take the witness stand.  National Indep. Theatre Exhibitors, *supra*, at 610.

The rule precluding *pro se* representation by a corporation extends beyond the strict

boundaries of formal corporate organization to reach other forms of "artificial entities":

> As the courts have recognized, the rationale for that rule applies equally to *all artificial entities*. Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.

Rowland v. California Men's Colony, *supra* 506 U.S. at 202 [emphasis added].

In Rowland, the Court was dealing with an unincorporated representative association of prison inmates organized by the prison warden. In other examples, courts have held that a dissolved corporation may not be represented by a former president, director or shareholder, even an individual who was the sole shareholder and sole successor-in-interest to the corporate assets, National Indep. Theatre Exhibitors, *supra*; Talasila, Inc. v. United States, 240 F.3d 1064, 1066 (Fed. Cir. 2001); and that partnerships, unincorporated associations and organizations cannot appear *pro se*. Eagle Associates, *supra*; MOVE Organization v. United States Dep't of Justice, 555 F. Supp. 684, 692-93 (E.D. Pa. 1983); Church of the New Testament v. United States, 783 F.2d 771, 773-74 (9th Cir. 1986).

Indeed, it has been held that the right of an individual to litigate *pro se* is personal to him, McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966), and that 28 U.S.C. § 1654 "only allows for two types of representation: that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself. The statute does not allow for unlicensed laymen to represent anyone else other than themselves." Turner v. American Bar Ass'n, *supra*, at 477.

Turner contends that Plaintiff herein need not hire an attorney, because Lion's Gate is not a

5

corporation or partnership but rather is a business entity akin to a "Massachusetts business trust." The Court finds that a business entity of this sort cannot appear *pro se* but only through counsel.

A "'Business Trust,' also called a 'Massachusetts Trust' . . . was an entity in widespread use before corporations became popular and which is treated by the Bankruptcy Code as if it were a corporation." In re Owners Family Preservation Trust, No. 91-00004, 1991 WL 408009, at *1 (D. N. Mar. I. May 13, 1991).

> A "Massachusetts" or business trust, also known as a "common law" trust, is essentially a business organization cas[t] in trust form. It originated in Massachusetts to circumvent that state's former prohibition against corporations dealing in real estate. Such a business enterprise usually involves an arrangement whereby property is conveyed to trustees in accordance with a trust instrument, to be held for the benefit of individuals holding transferable certificates issued by the trustee showing the shares into which the beneficial interest is divided. The certificates entitle the holder to share ratably in the income of the property and, upon termination of the trust, in the proceeds. Unlike an ordinary trust, the object of the "Massachusetts" or business trust is not to hold and conserve particular property, but to provide a medium for the conduct of business and the sharing of gains . . . . For the purpose of eligibility for debtor relief, the "Massachusetts" or business trust is a legal entity which falls within the Code's definition of a corporation.

Merrill v. Abbott (*In re* Independent Clearing House Co. *et al.*), 41 B.R. 985, 991 (D. Utah 1984), *reversed in part on other grounds*, 62 B.R. 118 (D. Utah 1986).

The Court does not by this ruling determine whether Lion's Gate is in fact a "Massachusetts" or "business trust" for purposes of this or any other litigation. However, given Plaintiff's description of the purposes for which Lion's Gate was formed, and the policy reasons behind disallowance of *pro se* representation for various types of business entities, the Court finds that D.N.M.LR-Civ. 83.7 applies herein and concludes that Plaintiff cannot proceed in this litigation unless it secures the

services of a licensed attorney. The Court will not permit Turner, an unlicensed layman, to represent the interests of an artificial entity.

Turner acknowledges that Lion's Gate conducts "commercial activity" and "does have a business purpose." [Doc. 18, at 12]. The complaint alleges that "Plaintiff's sole business in the United States is the trading, commercialization, and beneficial use of water resources within the State of New Mexico." [Complaint, Doc. 1, at ¶ 2]. Part of the relief sought in the complaint is "entry of a writ of mandamus . . . commanding Defendant to enter into good faith contract negotiations leading to contract with Plaintiff in furtherance of Plaintiff's commercial plans for which it has made substantial capital investment." [Complaint, at ¶ 83]. These activities and characterizations compel the conclusion that Plaintiff is a "business entity" in the same category as a corporation or partnership for purposes of application of the Local Rule.

In addition, the Court takes note of Turner's statements at pages 3-4 of the Corrected and Amended Motion [Doc. 17], complaining that Assistant U.S. Attorney Ray Hamilton refused to return Turner's telephone calls and, when Turner eventually reached him by phone, refused to speak with Turner on grounds that the Court had ordered Plaintiff to obtain counsel. Turner characterized ASA Hamilton's manner as "extremely discourteous," "rude," "brusque, blunt and abrupt," "uncalled for, uncivil, and unprofessional." Turner's complaints are just the sort of *ad hominem* attack and "unscrupulous and irresponsible behavior" that the rule against *pro se* representation of business entities was designed to prevent. National Indep. Theatre Exhibitors, *supra*, at 609. The Court advises Turner that ASA Hamilton is under a professional and ethical obligation to refrain from contact with a party represented by counsel; *see*, Rules of Professional Conduct, N.M.R.A. 16-402; D.N.M.LR-Civ. 83.9; and the Court assumes that Hamilton was acting under an abundance of

7

caution, given the Court's specific directive and Court order directing Plaintiff in this case to obtain counsel. While the Court does not condone lack of courtesy, if indeed there was discourtesy, ASA Hamilton was well within his rights and obligations in refusing to return phone calls or engage in substantive conversation with Turner about this case, under the circumstances.

### Order

IT IS THEREFORE ORDERED that Plaintiff's Motion to Stay or Strike the Order of the Court Requiring Entry of Appearance of an Attorney [Doc. 12], and Plaintiff's Corrected and Amended Motion [Doc. 17] are denied.

IT IS FURTHER ORDERED that Plaintiff is directed to have an attorney, licensed to practice before the United States District Court, enter his or her appearance as counsel for Plaintiff within five days of the date of this order. Failure to do so will result in the dismissal without prejudice of Plaintiff's lawsuit.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge